George D. Moustakas (*Pro Hac Vice* forthcoming)
**HARNESS, DICKEY & PIERCE, P.L.C.**
5445 Corporate Drive, Ste. 200
Troy, MI 48098
Tel. 248.641.1600
Fax: 248-641-0270
gdmoustakas@hdp.com

John E. Lord (SBN 216111)
**ONE LLP**
9301 Wilshire Blvd., Penthouse
Beverly Hills, CA 80210
Tel: 310.866.5157
Fax: 310.943.2085
jlord@onellp.com

ATTORNEYS FOR PLAINTIFF TRIJICON, INC.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

| | |
|---|---|
| TRIJICON, INC.,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>HOLOSUN TECHNOLOGIES, INC.,<br><br>　　　　　　Defendant. | Case No. 2:20-cv-6742<br><br>**COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**JURY TRIAL DEMAND** |

## I.　COMPLAINT

Plaintiff Trijicon, Inc. ("Trijicon" or "Plaintiff") files this Complaint against Defendant Holosun Technologies, Inc. ("Holosun" or "Defendant"), and alleges as follows:

## II.　NATURE OF THE ACTION

1. This is an action for patent infringement under 35 U.S.C. § 271, *et. seq.*, by Plaintiff against Defendant for infringement of United States Patent No. 8,443,541 ("the '541 patent") by making, using, offering to sell, selling and/or importing red dot sights.

///

## III. PARTIES

2. Trijicon is a corporation organized and existing under the laws of Michigan, having a principal place of business at 49385 Schaefer Avenue, Wixom, Michigan 48393.

3. On information and belief, Holosun is a corporation organized and existing under the laws of California, having a principal place of business at 821 Echelon Court, City of Industry, California 91744.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over the matters asserted in this Complaint under 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has personal jurisdiction over Holosun because it has committed acts of patent infringement and/or contributed to or induced acts of patent infringement by others in the State of California and in this District and is incorporated in the State of California and resides in this judicial District.

6. On information and belief, venue is proper in this District pursuant to 28 U.S.C. §§ 1391 and 1400(b). Defendant has committed acts giving rise to Plaintiff's claims within and directed to this judicial district, resides in this district and has a regular and established place of business in this district.

## THE '541 PATENT

7. The '541 patent, titled "Optical Sight," issued on May 21, 2013. The '541 patent issued from U.S. Application No. 13/418,671 ("the '671 application"). The '541 patent is a continuation of U.S. Application No. 12/570,377 filed on September 30, 2009, which claims priority to U.S. Provisional Application No. 61/102,222, filed on October 2, 2008. *Id.* A true and correct copy of the '541 patent is attached as Exhibit 1.

8. The '541 patent generally is directed to optical sighting systems.

9. Plaintiff Trijicon owns by assignment 100% of the right, title, and interest in and to the '541 patent. A true and correct copy of the '541 patent assignment is attached as Exhibit 2.

2
COMPLAINT

10. As the owner of the '541 patent, Trijicon is authorized and has standing to bring legal action to enforce all rights arising under the '541 patent.

## FACTUAL BACKGROUND

11. Since its founding in 1985, Trijicon has established itself as a leader in the design and manufacture of high quality, innovative sighting systems for use by law enforcement, military, and civilians.

12. In 2007, Trijicon launched the Trijicon Red Dot™ Sight, it's first-ever miniature reflex-style red dot sight.

13. In 2012 Trijicon launched the Trijicon Ruggedized Miniature Reflex ("RMR") with adjustable LED.

14. In 2019 Trijicon launched the Trijicon Specialized Reflex Optic ("SRO").

15. An example of the RMR and SRO are shown below:



**RMR**             **SRO**

16. Trijicon holds intellectual property rights to the RMR and SRO, including through the '541 Patent.

17. Trijicon has its operations in the United States, including with respect to the '541 Patent. For example, Trijicon has domestic research and development, testing and engineering, manufacturing, sales and marketing, and business offices in Michigan, where it has invested financial resources and employed skilled workers concerning the RMR and SRO products.

### IV.  COUNT I
### V.  (INFRINGEMENT OF THE '541 PATENT)

18. Plaintiff realleges and incorporates by reference all of the preceding paragraphs as if fully set forth in this paragraph.

19. On information and belief, the Holosun red dot sights that infringe one or more claims of the '541 patent are identified as follows: HS407K, HS407C-V2, HE407C-GR V2, HS407CO V2, HS507K, HS507C V2, HE507C-GR V2, HE508T-RD V2 and HE508T-GR V2 ("Accused Products") on Holosun's website at www.holosun.com.

20. A non-limiting example of Accused Product HS407C-V2 is pictorially represented as follows:





Exhibit 3.

21. The Accused Products, including representative HS407C-V2, are sold through various internet retailers, including OpticsPlanet at OpticsPlant.com and

Kenzies Optics at kenziesoptics.com.

22. Based on information and belief, representative Accused Product HS407C-V2 is substantially the same product for purposes of infringement as the Accused Products.

23. A claim chart that applies the claims of the '541 patent to the representative Accused Product HS407C-V2 is attached as Exhibit 4.

24. The Defendant has directly infringed and continues to directly infringe, has contributed to and continues to contribute to acts of infringement, and/or has actively and knowingly induced and continues to actively and knowingly induce the infringement of one or more claims of the '541 patent, either literally or under the doctrine of equivalents, by making, using, selling, and/or offering for sale within the United States and/or importing into the United States the Accused Products.

25. On information and belief, Holosun has known of the '541 Patent since at least the date of its issuance. Moreover, on January 15, 2020, Trijicon notified Holosun, in writing, that the Accused Products infringe the '541 Patent. Exhibit 5. Additionally on February 12, 2020, Trijicon again notified Holosun, in writing, that the Accused Products infringe the '541 Patent. Exhibit 6. Finally on February 21, 2020, Trijicon again notified Holosun, in writing, that the Accused Products infringe the '541 Patent. Exhibit 7. Despite knowledge and actual notice of the '541 Patent, Holosun has continued to offer for sale and sell the Accused Products to customers in the United States without the consent or authority of Trijicon.

26. On information and belief, Holosun actively induces others to infringe the '541 Patent by selling the Accused Products to others with materials and instructions for operation of the Accused Products, with the specific intent and knowledge that the materials direct, teach or assist others to infringe the '541 Patent. For example, on information and belief, Holosun induced infringement of the '541 Patent by encouraging and facilitating infringing use of the Accused Products by users of the Accused Products in the United States, by taking active steps to encourage and facilitate others' direct

infringement of the '541 Patent with knowledge of that infringement. The affirmative acts include, without limitation, advertising, marketing, promoting, offering for sale and/or selling the Accused Products. Exhibit 8. Holosun further provides instructions, user manuals, advertising and/or marketing materials on Holosun's website that facilitate, direct, or encourage the direct infringement in the United States. Exhibit 9.

27. On information and belief, Holosun contributorily infringes the '541 Patent through its sale and offer for sale within the United States and/or importation into the United States of components of the Accused Products, constituting the material part of the '541 Patent, knowing that the same will be specially made or specially adapted for use in infringement of the '541 Patent, and not a staple article or commodity of commerce suitable for substantial non-infringing use. For example, on information and belief, the Accused Products and/or components thereof where specifically designed for use and infringement of the '541 Patent. Due to their specific designs, the Accused Products and/or components thereof do not have any substantial non-infringing uses.

28. Defendants infringing acts have caused, and are continuing to cause, damage and irreparable injury to Plaintiff, and Plaintiff will continue to suffer damage and irreparable injury unless and until Defendant's infringing acts are enjoined by this Court.

29. Plaintiff is entitled to injunctive relief and damages in accordance with 35 U.S.C. §§ 271, 281, 283, and 284.

30. Defendant's infringement of the '541 patent has been and continues to be willful and deliberate, justifying a trebling of damages under 35 U.S.C. § 284.

31. Defendant's infringement of the 541 patent is exceptional and entitles Plaintiff to attorneys' fees and costs under 35 U.S.C. § 285.

## VI.     PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully requests that the Court enter judgment in its favor and against Defendant on the patent infringement claims set forth above and respectfully request that this Court:

(a)     enter judgment that, under 35 U.S.C. §§ 271(a), (b), and (c), Defendant has infringed at least one claims of the '541 patent;

(b)     enjoining in accordance with 35 U.S.C. § 283, Defendant, and all affiliates, employees, agents, officers, directors, attorneys, successors, and assigns and all those acting on behalf of or in active concert or participation with Defendant, preliminarily and permanently from infringing the '541 patent;

(c)     award Plaintiff all available and legally permissible damages and relief sufficient to compensate Plaintiff for Defendant's infringement of the '541 patent, including to the full extent permitted by 35 U.S.C. § 284, together with interest, in an amount to be determined at trial;

(d)     award Plaintiff treble damages under 35 U.S.C. § 284 as a result of Defendant's willful and deliberate infringement of the '541 patent;

(e)     declare this to be an exception case under 35 U.S.C. § 285 and award Plaintiff costs, expenses and disbursements in this action, including reasonable attorneys' fees; and

(f)     award Plaintiff such other and further relief that this Court deems just and proper.

Dated: July 28, 2020                              **ONE LLP**

By: /s/ John E. Lord
     John E. Lord

Attorneys for Plaintiff Trijicon, Inc.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury on all issues triable of right by a jury.

Dated: July 28, 2020　　　　　　　**ONE LLP**

By: /s/ John E. Lord
　　John E. Lord

Attorneys for Plaintiff Trijicon, Inc.

24689223.1